# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30019
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HELEN FAYE STEWART,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CR-15-2

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Helen Faye Stewart was convicted of health care fraud and was sentenced to 36 months of imprisonment, to be followed by two years of supervised release. On appeal, Stewart argues that her waiver of conflict-free counsel was invalid. Specifically, she argues that the district court did not comply with *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), a*brogated on other grounds by Flanagan v. United States*, 465 U.S. 259, 263 & n.2 (1984),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and contends that the court should have conducted a more thorough inquiry regarding her waiver of the right to conflict-free counsel.

"If a defendant chooses to proceed with representation by counsel who has a conflict of interest, a district court must conduct what is commonly known as a '*Garcia* hearing' to ensure a valid waiver by the defendant of his Sixth Amendment right." *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006). In a *Garcia* hearing, the district court is required to ensure that the defendant is aware of the existence of the conflict, that the defendant realizes the potential problems by continuing to be represented by conflicted counsel, and that the defendant is aware of the right to obtain other counsel. *Id*. However, a district court needs to conduct a *Garcia* hearing only if there is an "actual conflict of interest," as opposed to "a speculative or potential conflict." *United States v. Hernandez*, 690 F.3d 613, 618-19 (5th Cir. 2012) (internal quotation marks and citation omitted). Because Stewart does not allege or establish the existence of an actual conflict, she does not show that the district court was required to conduct a *Garcia* hearing, much less conduct a more thorough inquiry regarding her waiver of conflict-free counsel. *See id*. Her argument is without merit.

Stewart also argues that defense counsel was ineffective at the sentencing hearing for failing to secure the testimony of favorable witnesses. The record is not sufficiently developed to permit review of this claim on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014), *petition for cert. filed* (June 4, 2014) (No. 13-10484).

Accordingly, the judgment of the district court is AFFIRMED.